IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JOHN THOMAS COLEY,            )
                              )
            Plaintiff,        )
                              )
     v.                       )     1:17CV632
                              )
B.J. BARNES, et al.,          )
                              )
            Defendant(s).     )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that a serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff does not currently state any claims for relief. Plaintiff names four Defendants: B.J. Barnes, Officer Griffiths, Mr. Blackman, and Mr. Ward. Some of his allegations do not involve those persons, but instead relate to an assault he suffered while incarcerated and his attempts to file grievances concerning that assault. Defendants Griffiths, Blackman, and Ward do not appear to be involved in those events at all. Defendant Barnes is the Guilford County Sheriff and in charge of the facilities where events related to the assault occurred, but is not alleged to have had any personal involvement in those events beyond not firing officers guarding Plaintiff at the time. Thus, Plaintiff has not alleged a violation of his constitutional rights by Sheriff Barnes. Plaintiff does allege that Defendants Griffiths, Blackman, and Ward wrongfully entered private property, but Plaintiff does not claim that they entered onto his property, as opposed to someone else's property. Plaintiff cannot raise claims on behalf of another person. Plaintiff also appears to claim false arrest and false imprisonment. To establish a § 1983 claim based on the Fourth Amendment for false arrest or false imprisonment, a plaintiff must show that the seizure was made without probable cause. In addition,

"[a]llegations that an arrest made pursuant to a warrant was not supported by probable cause, or claims seeking damages for the period after legal process issued -- e.g., post-indictment or arraignment -- are considered a § 1983 malicious prosecution claim. Such a claim is properly understood as a Fourth Amendment claim for unreasonable seizure which incorporates certain elements of the common law tort. To succeed, a plaintiff must show that the defendant (1) caused (2) a seizure of the plaintiff pursuant to legal process unsupported by probable cause, and (3) criminal proceedings terminated in [the] plaintiff's favor." Humbert v. Mayor and City Council of Baltimore City, 866 F.3d 546, 555 (4th Cir. 2017) (internal quotations omitted) (citing Brooks v. City of Winston-Salem, 85 F.3d 178, 182 (4th Cir. 1996); Evans v. Chalmers, 703 F.3d 636, 647 (4th Cir. 2012)). Plaintiff does not allege facts supporting these elements.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. To further aid Plaintiff, the Clerk is instructed to send Plaintiff new § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Plaintiff § 1983 forms, instructions, an application to proceed *in forma pauperis*, and a copy of pertinent parts of Fed. R. Civ. P. 8 (*i.e.,* Sections (a) & (d)).

2

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects cited above.

This, the 26th day of September, 2017.

        /s/ Joi Elizabeth Peake
       United States Magistrate Judge